UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

D|F

————————————————————————————X
MICHAEL PRICE,

                Plaintiff,

    -against-

MICHAEL R. MEEHAN et al.,

                Defendants.

**OPINION & ORDER
06 CV 05016 (SJF)(WDW)**

————————————————————————————X
FEUERSTEIN, J.

I.    Introduction

On September 13, 2006, Plaintiff Michael Price ("Plaintiff") commenced this action

against defendants Detective Michael R. Meehan, Detective Frank P. Marino and the Rockville

Centre Police Department ("Defendants") pursuant to 42 U.S.C. § 1983 ("§ 1983"). Defendants

now move, unopposed, for summary judgment pursuant to Rule 56 of the Federal Rules of Civil

Procedure ("Rule 56").[1] For the reasons set forth herein, Defendants' motion is GRANTED.

---

[1] The Court notes that Plaintiff was served with the instant motion on or about August
2008 but did not submit opposition. At a telephone conference on May 5, 2009, the Court
directed Defendants to re-serve the motion and granted Plaintiff an extension of time to respond.
Plaintiff was advised, *inter alia*, that his failure to respond may result in dismissal of the case
based upon the legitimate arguments raised by Defendants. In accordance with this Court's
directive, Defendants timely served the motion with the Notice to Pro Se Litigant Who Opposes
a Summary Judgment in accordance with Local Civil Rule 56.2. Plaintiff did not respond.

II.    Background[2]


On March 24, 2006, Plaintiff was arrested at the Rockville Centre train station, in

Rockville Centre, New York.  Plaintiff was convicted on or about April 4, 2008, upon his plea of

guilty, of felony possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and

was sentenced to a term of imprisonment of eighty (80) months.


III.   Discussion


A.    Legal Standard

Summary judgment should not be granted unless "the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to judgment as a matter

of law."  Fed. R. Civ. P. 56(c).  "In ruling on a summary judgment motion, the district court must

resolve all ambiguities, and credit all factual inferences that could rationally be drawn, in favor of

the party opposing summary judgment and determine whether there is a genuine dispute as to a

material fact, raising an issue for trial."  McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 202

(2d Cir. 2007) (citations and quotation marks omitted).  "A fact is material when it might affect

the outcome of the suit under governing law."  Id.  An issue of fact is genuine only if "the

evidence is such that a reasonable jury could return a verdict for the nonmoving party."

---

[2] The facts are derived from Defendants' statement of material facts pursuant to Local
Rule 56.1 and the accompanying affirmation and other evidentiary material filed in support of
Defendants' motion for summary judgment.

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The moving party bears the initial burden of establishing the absence of any genuine issue of material fact, after which the burden shifts to the nonmoving party to establish the existence of a factual question that must be resolved at trial. See Koch v. Town of Brattleboro, Vermont, 287 F.3d 162, 165 (2d Cir. 2002) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)).

"In order to defeat a motion for summary judgment supported by proof of facts that would entitle the movant to judgment as a matter of law, the nonmoving party is required under Rule 56(e) to set forth specific facts showing that there is a genuine issue of material fact to be tried . . . . If the nonmoving party does not so respond, summary judgment will be entered against him." Ying Jing Gan v. City of New York, 996 F.2d 522, 532 (2d Cir. 1993) (citations omitted). The nonmoving party "may not rely simply on conclusory statements or on contentions that the affidavits supporting the motion are not credible . . . , or 'upon the mere allegations or denials of the [nonmoving] party's pleading.'" Id. (quoting Fed. R. Civ. P. 56(e)).

"[W]hen a motion for summary judgment is unopposed," however, "the district court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law," and "may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." Vermont Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 242 (2d Cir. 2004). The motion must be denied "[i]f the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, . . . even if no opposing evidentiary matter is presented." Id. (citations and quotation marks omitted). In addition, "the district court may not

3

rely solely on the statement of undisputed facts contained in the moving party's Rule 56.1 statement" but "must be satisfied that the citation to evidence in the record supports the assertion." Id. (citation omitted).

### B.     Plaintiff's *Pro Se* Status

Where a plaintiff is proceeding *pro se*, the court must review the *pro se* party's supporting papers liberally, and "interpret them to raise the strongest arguments that they suggest." McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (citation and quotation marks omitted); see also Weinstein v. Albright, 261 F.3d 127, 132 (2d Cir. 2001). Nevertheless, a *pro se* plaintiff's "bald assertion," without evidentiary support will not defeat a motion for summary judgment. Carey v. Crescenzi, 923 F.2d 18, 21 (2d Cir. 1991); see Columbo v. United States Postal Serv., 293 F. Supp. 2d 219, 222 (E.D.N.Y. 2003) ("*pro se* status does not exempt a party from compliance with relevant rules of procedural and substantive law") (citation and quotation marks omitted); see also Karl v. Asarco Inc., No. 02 Civ. 5565, 2004 WL 2997872, at *3 (S.D.N.Y. Dec. 23, 2004) (liberal standard does not excuse a *pro se* plaintiff from "following the procedural formalities of summary judgment"); Saldana v. Local 32B-32J Serv. Employer Int'l Union, No. 03 Civ. 1853, 2005 WL 66895, at *2 (S.D.N.Y. Jan.12, 2005) ("Even a *pro se* plaintiff, however, cannot withstand a motion for summary judgment by relying merely on the allegations of the complaint. Rather, when confronted with evidence of facts that would support judgment in the defendant's favor as a matter of law, the plaintiff must come forward with evidence in admissible form that is capable of refuting those facts.").

4

C.    Section 1983

To state a claim under § 1983, a plaintiff must show that: (1) the defendants acted under "color of state law"; and (2) their conduct or actions deprived the plaintiff of a right, privilege, or immunity guaranteed by the Constitution or laws of the United States. See Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994). "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." Sykes v. James, 13 F.3d 515, 519 (2d Cir.1993).

Plaintiff alleges that on March 24, 2006, at approximately 9:45 p.m., he was stopped in a vehicle, along with two (2) other individuals, by Defendants without "probable cause" or "reasonable suspicion" and that his "arrest was conducted in a manner that was racially motivated." (Compl. § IV.)

To succeed on a claim of false arrest pursuant to § 1983 a plaintiff must prove the same elements required pursuant to New York State law. See Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996). Under New York law, a plaintiff claiming false arrest must show: (1) the defendant intended to confine the plaintiff; (2) the plaintiff was conscious of the confinement; (3) the plaintiff did not consent to the confinement; and (4) the confinement was not otherwise privileged. See Savino v. City of New York, 331 F.3d 63, 75 (2d Cir. 2003).

If an arrest was made without a warrant, there is a presumption of illegality, which may be overcome by proving the affirmative defense of the existence of probable cause. See Curry v. Syracuse, 316 F.3d 324, 335 (2d Cir. 2003); Wilder v. Village of Amityville, 288 F. Supp. 2d 341, 344 (E.D.N.Y. 2003). "The existence of probable cause is a legal question that the Court may decide if there are no disputed issues of material fact." Wilder, 288 F. Supp. 2d at 344.

5

Probable cause exists when the arresting officer has "knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrest has committed or is committing a crime." Weyant, 101 F.3d at 852. An arrest's validity is not dependent upon a finding that the arrested person is guilty. See Pierson v. Ray, 386 U.S. 547, 555, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). Instead, probable cause may exist even if the officer is acting upon mistaken or false information, provided that the officer reasonably relied upon the source of the information. See Bernard v. United States, 25 F.3d 98, 102 (2d Cir. 1994).

A valid prosecution resulting in conviction is conclusive evidence that probable cause existed for an arrest, see Cameron v. Fogarty, 806 F.2d 380, 387 (2d Cir. 1986), even if the conviction is the result of a plea of guilty to a lesser charge than that for which plaintiff was arrested. See Feurtado v. Gillespie, 04 Civ. 3405, 2005 WL 3088327, at * (E.D.N.Y. Nov. 17, 2005) (citations omitted); Sealey v. Fishkin, No. 96 Civ. 6303, 1998 WL 1021470, at *4 (E.D.N.Y. Dec. 2, 1998) (citations omitted); Butron v. County of Queens Police Dep't, 110 Precinct, No. 94 Civ. 2675, 1996 WL 738525, at *2 (E.D.N.Y. Dec. 23, 1996) (citations omitted). Plaintiff pled guilty to felony possession of a firearm following his arrest for unlawful possession of a handgun. Since his conviction establishes that probable cause existed, Plaintiff's claim for false arrest must fail. See Feurtado, 2005 WL 3088327, at * 5 (stating that "if the plaintiff in a civil rights action alleging false arrest is convicted by trial or through plea of the underlying charge, his Section 1983 action must be dismissed").

6

IV. Conclusion

For the reasons stated herein, the motion of Defendants for summary judgment is

GRANTED.

The Clerk of Court is directed to close this case.

**SO ORDERED.**

Sandra J. Feuerstein
United States District Judge

Dated: June 1, 2009
Central Islip, New York

Copies to:

Michael Price
CC#. 09001177
Nassau County Correctional Facility
100 Carman Avenue
East Meadow, NY 11554